IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUDITH TURNER

Plaintiff

vs

MUNICIPALITY OF SAN JUAN;
unknown INSURANCE
COMPANIES X,Y,Z; unknown
CORPORATION AND/OR ENTITY;
unknown INSURANCE COMPANY A;
JANE DOE; JOHN DOE, as well as
any other joint tortfeasors

Defendants

CIVIL 14-1917CCC

## OPINION AND ORDER

Before the Court is defendant Municipality of San Juan's ("the Municipality") "Motion for Summary Judgment" (d.e. 23) and plaintiff Judith Turner's ("Turner") Opposition (d.e. 26), followed by a Reply (d.e. 29), and a Surreply (d.e. 34). For the reasons that follow, the Municipality of San Juan's Motion for Summary Judgment (**d.e. 23**) is GRANTED.

## I.    FACTUAL BACKGROUND

This is a diversity action brought by Judith Turner, a resident of the State of Florida, against the Municipality of San Juan, Puerto Rico, for damages allegedly caused to her by its negligent dereliction of the duty to maintain safe public sidewalks. The original complaint was filed on December 22, 2014 (d.e. 1), and an Amended Complaint (d.e. 19) was filed on September 1, 2015. It is alleged that on New Year's Eve, 2013, at or about 9:30 PM, Turner suffered damages while walking along a sidewalk on Ashford Avenue in the Condado area when her left ankle hit a two-to-three inch piece of metal that

Case 3:14-cv-01917-CCC   Document 43   Filed 08/01/16   Page 2 of 11

CIVIL 14-1917CCC                    2

was protruding from the ground, "apparently by information or belief from the remaining of a sign pole that was cut down." (sic) (d.e. 19, ¶ 19).

On December 31, 2015, the Municipality filed a Motion for Summary Judgment (d.e. 23) on the grounds of (1) lack of compliance with the notification requirement in Article 15.003 of the Puerto Rico Autonomous Municipalities Act, and (2) insufficient evidence to support a liability determination. Regarding the first and key argument, Article 15.003 of the Autonomous Municipality Law of Puerto Rico, Act No. 81 of August 30, 1991, 21 L.P.R.A. § 4703 requires claimants to notify municipalities of their potential liability within ninety (90) days of the date on which the claimants learn of the damages claimed.

In her opposition, Turner does not dispute that she failed to comply with the ninety-day notice requirement in  21 L.P.R.A. § 4703. Instead, Turner argues that (1) the Municipality waived its right to raise the notice argument; (2) MSJ's self-insurance policy illegally insulates it from liability; and (3) her photographs of the metal stub and her recollection of it are sufficient to establish knowledge on the part of the Municipality. Turner states that because the Municipality filed an answer (d.e. 10), it waived the statutory 90-day notice requirement and that it would create an "injustice" were the requirement applied in this case.

Her second argument is less clear. Turner seems to posit that she has a right to recover from an insurer; that if a municipality insures itself, it is somehow illegally preventing parties from accessing the process for recovery against insurers under Puerto Rico Insurance Code § 20.030, 26 L.P.R.A. § 2003.  Regarding her third argument, Turner does not disagree with the Municipality as to what facts are before the court, rather, she argues that they

CIVIL 14-1917CCC                     3

are sufficient to create a genuine issue as to defendant's knowledge of the dangerous condition.

On February 8, 2016, the Municipality filed a reply to Turner's opposition (d.e. 29).  In its reply, the Municipality argues (1) that it preserved its right to raise its notification argument by filing a motion to dismiss (d.e. 8) on March 11, 2015, prior to filing its answer (d.e. 10) on April 9, 2015; (2) that because it is self-insured, the "insurer" is not a separate entity, and therefore the Puerto Rico Insurance Code § 20.030 is inapplicable; and (3) that to the extent that Turner argues the mere presence of the metal stub and her injury to be sufficient to create a genuine issue as to liability, the theory of *res ipsa loquitor* is not one under which recovery can be achieved in Puerto Rico.

On March 4, 2016, Turner filed a surreply to the Municipality's reply (d.e. 34).  In her surreply, she argues (1) that the 90-day requirement shouldn't apply to her because it would unjustifiably limit her access to justice, (2) that co-defendant Integrand Assurance Company is the Municipality's true insurer, (3) that municipal self-insurance, combined with the 90-day notice requirement in  21 L.P.R.A. § 4703 illegally modifies the one-year statute of limitations established by 31 L.P.R.A. § 5298, and (4) that the existence of the metal stub "by itself establishes constructive notice."

## II.    RULE 56(B) STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be entered where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex

CIVIL 14-1917CCC                    4

Corp. v. Catrett, 477 U.S. 317, 324-325 (1986).  Pursuant to the clear language
of the rule, the moving party bears a two-fold burden: it must show that there
is "no genuine issue as to any material facts;" as well as that it is "entitled to
judgment as a matter of law."   Veda-Rodriguez v. Puerto Rico,
110 F.3d 174, 179 (1st Cir. 1997).  A fact is "material" where it has the potential
to change the outcome of the suit under governing law.  See Anderson v.
Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "genuine" where a
reasonable jury could return a verdict for the nonmoving party based on the
evidence.  Id.  Thus, it is well settled that "the mere existence of a scintilla of
evidence" is insufficient to defeat a properly supported motion for summary
judgment.  Id.

        After the moving party meets this burden, the onus shifts to the
non-moving party to show that there still exists "a trial worthy issue as to some
material facts."   Cortes-Irizarry v. Corporacion Insular, 11 F.3d 184, 187
(1st Cir. 1997).

        At the summary judgment stage, the trial court examines the record "in
the light most favorable to the non-movant and indulges in all reasonable
references in that party's favor.  Only if the record, viewed in this manner and
without regard to credibility determinations, reveals no genuine issue as to any
material fact may the court enter summary judgment."  Cadle Co. v. Hayes,
116 F.3d 957, 959-60 (1st Cir. 1997).  "Credibility determinations, the weighing
of the evidence, and the drawing of legitimate inferences from the facts are jury
functions, not those of a judge."   Reeves v. Sanderson Plumbing Prod.,
530 U.S. 133, 150 (2000) (quoting Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 250-51, 106 S.Ct. 2505 (1986)).  "As we have said many times,
summary judgment is not a substitute for the trial of disputed factual issues."

CIVIL 14-1917CCC                    5

Rodriguez v. Municipality of San Juan, 659 F.3d 168, 178-179 (1st Cir. 2011) (internal quotations and citations omitted). Conversely, summary judgment is appropriate where the nonmoving party rests solely upon "conclusory allegations, improbable inferences and unsupported speculation." Ayala-Gerena v. Bristol Myers-Squibb Co., 85 F.3d 86, 95 (1st Cir. 1996). However, while the Court "draw[s] all reasonable inferences in the light most favorable to [the non-moving party] . . . we will not draw unreasonable inferences or credit bald assertions, empty conclusions or rank conjecture." Vera v. McHugh, 622 F.3d 17, 26 (1st Cir. 2010) (internal quotations and citation omitted).  Moreover, "we afford no evidentiary weight to conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative."  Tropigas de P.R. v. Certain Underwriters at Lloyd's of London, 637 F.3d 53, 56 (1st Cir. 2011) (internal citations omitted).

## III.   LEGAL ANALYSIS

As a threshold matter the Court finds meritless Turner's argument that by filing an answer, the Municipality waived its statutory right to notification under 21 L.P.R.A. § 4703.  That Turner repeatedly refers to the ninety-day notice requirement mandated by that statute as an "immunity" does not make it so.  An immunity is "[a]ny exemption from a duty, liability, or service of process; esp., such an exemption granted to a public official or governmental unit."  Immunity, Black's Law Dictionary (10th ed. 2014).  The notification requirement is an *affirmative defense* that must be timely raised, Mintatos v. Municipality of San Juan, 322 F. Supp. 2d 143, 146 (D.P.R. 2004). The Municipality raised it in a timely manner in its March 11, 2015 motion to dismiss

CIVIL 14-1917CCC                        6

(d.e. 8).  As a matter of docket management, that motion was declared moot because the Municipality had raised the same argument in its subsequent motion for summary judgment, currently before us.

The Municipality's Motion for Summary Judgment (d.e. 23) seeks dismissal with prejudice of the claims against it, arguing lack of subject matter jurisdiction due to Turner's failure to comply with the notice requirement in 21 L.P.R.A. § 4703.

Title 21 of the Laws of Puerto Rico Annotated provides in its section 4703 that:

> Any person who has a claim of any kind against a municipality for personal or property damages due to the fault or negligence of the municipality shall so notify the Mayor, in writing, stating clearly and concisely the date, place, cause and general nature of the damages suffered.  Said notification shall also specify the amount of monetary compensation or the kind of relief appropriate for the damages suffered, the names and addresses of his/her witnesses, the claimant's address and, in cases of personal damages, the place where medical treatment was first received.
>
> (a)  Form and time period to serve notification. Said notification shall be presented to the Mayor either by certified mail or personally, or in any other authentic manner recognized in law.
>
> > Said written notification shall be presented to the Mayor within ninety (90) days of date on which the claimant learned of the damages claimed. If the claimant is mentally or physically unable to make said notification within the term established above, he/she shall not be bound to comply with it, but must made said notification within thirty (30) days of the date on which the disability ends.
> >
> > If the injured party is a minor or a ward, the person exercising patria potestas or the custody of the minor, or the guardian, as the case may be, shall be obliged to notify the mayor of the claim within ninety (90) days of the date on which he/she learned of the damages claimed. The above shall not be an obstacle to the minor or ward''s making said notification on their own initiative with in the specified term, if the person exercising patria potestas, or custody or guardianship fails to do so.
>
> (b)  Jurisdictional requirement. No legal action of any kind shall be initiated against a municipality for damages due to negligence

CIVIL 14-1917CCC                    7

unless written notification is made in the form, manner and terms provided in this subtitle.

(c) Exception. This section shall not modify the prescriptive term in § 5298(2) of Title 31, in any way, for those claimants who comply with its provisions.

Regarding the statute's notice requirement, the Puerto Rico Supreme Court has held that it is "a condition precedent of strict compliance in order to be able to sue [a] municipality." Mangual v. Superior Court, 88 P.R.R. 475, 483 (1963); Ortiz v. Municipal Government of Ponce, 94 P.R.R. 449, 453 (1967); Lopez v. Autoridad de Carreteras, 133 D.P.R. 243, 249, 1993 WL 839981 (1993). However, the notice requirement is not jurisdictional in the sense that it admits of certain exceptions. Passalacqua v. Municipality of San Juan, 16 P.R. Offic. Trans. 756, 767; 116 D.P.R. 618 (1985). For example, the provision is not applicable to a municipality's insurance company. Lopez, 133 D.P.R. at 250, 1993 WL 839981, citing Garcia v. Northern Assurance Co. 92 D.P.R. 245, 1965 WL 14310 (1965). It does not apply to actions against a municipality arising out of a contractual relationship, Lopez, 133 D.P.R. at 250, 1993 WL 839981, citing Rosario Quinones v. Municipio de Ponce, 92 D.P.R. 586, 1965 WL 14270 (1965), or to cases where the municipality is the plaintiff and the defendant files a counterclaim against it, Lopez, 133 D.P.R. at 250, 1993 WL 839981, citing Insurance Co. of P.R. v. Ruiz, 96 D.P.R. 175 (1968), or to actions where the plaintiff is seeking just compensation in a civil expropriation case, Lopez, 133 D.P.R. at 250, 1993 WL 839981, citing Diaz v. Municipio de Cayey, 99 D.P.R. 196, 1970 WL 23767 (1970). In addition, in Passalacqua v. Mun. de San Juan, 16 P.R. Offic. Trans. at 770, the Puerto Rico Supreme Court held that if the plaintiff files the complaint and serves process upon the municipality before the ninety-day notice requirement expires, no other notice is required because the purposes of the Act are

CIVIL 14-1917CCC                    8

satisfied by the service of process within the ninety days prescribed by the statute. Among the purposes of the notice requirement identified by the P.R. Supreme Court are the following:

> 1) to give [the municipalities] an opportunity to investigate the facts giving rise to the claim; 2) to discourage unfounded claims; 3) to facilitate prompt settlement; 4) to permit the immediate inspection of the scene of the accident before conditions change; 5) to discover the name of the persons who have knowledge of the facts and to interview them while their recollection is more trustworthy; 6) to notify the municipal authorities of the existence of the claim to enable them to make the necessary reserve in the annual budget; and 7) to minimize the amount of the damages sustained by prompt intervention offering proper medical treatment and providing hospitalization facilities to the injured party.

Mangual v. Superior Court, 88 P.R.R. at 478–479; Passalacqua, 16 P.R. Offic. Trans. at 765.

Turner filed her Amended Complaint against the Municipality on December 22, 2014. She alleged to have been injured on December 31, 2013. She does not dispute that she did not notify the municipality. Instead she argues that it would be an injustice to hold her to the notice requirement.  To the extent that plaintiff incorporates her argument in her March 30, 2015 opposition to the Municipality's motion to dismiss (d.e. 9), she fares no better. That she "thought . . . she would recover from the accident" and experienced "delays due to the difficulty finding [sic] legal representation in Puerto Rico while living in Florida" does not relieve her from the strict compliance required by the ninety-day notice rule in 21 L.P.R.A. § 4703.

In section B of her opposition, Turner seems to contend, though it is far from clear,  that the Municipality should be liable under as an insurer under Puerto Rico Insurance Code § 20.030, 26 L.P.R.A. § 2003.  That statute provides:

> (1)  Any individual sustaining damages and losses shall have, at his option, a direct action against the insurer under the terms

and limitations of the policy, which action he may exercise against the insurer only or against the insurer and the insured jointly. The direct action against the insurer may only be exercised in Puerto Rico. The liability of the insurer shall not exceed that provided for in the policy, and the court shall determine not only the liability of the insurer, but also the amount of the loss. Any action brought under this section shall be subject to the conditions of the policy or contract and to the defenses that may be pleaded by the insurer to the direct action instituted by the insured.

(2) In a direct action brought against the insurer by the person who suffered the damages, the former is barred from introducing those defenses of the insured based on the protection of the family unit or other similar immunities that are recognized in the legal system of Puerto Rico.

(3) If the injured party brings suit against the insured alone, it shall not be deemed to deprive him of the right, by subrogation to the rights of the insured under the policy, to maintain action against and recover from the insurer after securing final judgment against the insured.

It is well established that, in accordance with this statute, where a municipality has an insurance carrier, the carrier is not shielded by the defense of a plaintiff's failure to comply with the ninety-day notice requirement in 21 L.P.R.A. § 4703(a)).   See Lawes v. Municipality of San Juan, No. CV 12-1473 (DRD), 2016 WL 297431, at *7 (D.P.R. Jan. 22, 2016).  To the extent that Turner argues that the Municipality cannot assert the notice defense because, as a self-insured entity, it is also an insurer, she is incorrect.  Law Number 63 of June 21, 2010, 21 L.P.R.A. § 4361 requires municipalities in Puerto Rico to "protect[] their assets and resources against any type of financial loss," and allows them to choose between means that achieve this, including (a)(1): "[t]he use of self-insurance that meets the requirements of the insurance techniques *but which shall not be deemed as insurance* pursuant to . . . [the] Puerto Rico Insurance Code," (emphasis ours) and (a)(2): "[t]he partial or total transfer of risks to authorized insurers."  Puerto Rico law thus requires municipalities to protect themselves from liability, but leaves to them

CIVIL 14-1917CCC                              10

the ultimate decision as to how. The Municipality opted for the former, thus it is not an insurer, but rather a municipality that insures itself. As a municipality, the statute's ninety-day notice requirement applies to any claims against it for personal or property damage as a result of its negligence.

As a final note, Turner argues that if a self-insured municipality is not liable under the Puerto Rico Insurance Code, and if she is required to comply with the ninety-day municipal notice requirement provided by the Autonomous Municipality Act, then the result is an illegal modification of 31 P.R. Laws Ann. § 5298(2), which provides a one-year statute of limitations for negligence claims in Puerto Rico. She contends that the ninety-day requirement in § 4703(a) violates the exception in § 4703(c), which states that the section "shall not modify the prescriptive term in § 5298(2) of Title 31." There is a fundamental misunderstanding of § 4703(c) and of the difference between the notice requirement and the limitations period. The first is simply a requirement that a person with a claim against a municipality notify the mayor within ninety days of the date on which the claimant learned of the damages claimed. The latter, the limitations period, is the time window during which a claimant who wishes to file a lawsuit must do so. The applicable one-year limitations period remains unaltered and is not modified in any manner by the ninety-day notice requirement established in Article 15.003 of the Puerto Rico Autonomous Municipalities Act. Finally, the purpose of the exception in § 4703(c) is to clarify that the one-year statute of limitations in § 5298(2) is not tolled during the ninety-day notice period. Garcia v. Commonwealth of Puerto Rico, 190 D.P.R. 799, 2014 WL 1612993. To read it as Turner suggests would lead to an unreasonable outcome in which the statute cannibalizes itself and

CIVIL 14-1917CCC                          11

ignores the fundamental difference between a notice requirement and a statute of limitations.

Because we find that Judith Turner's claims against the Municipality of San Juan, Puerto Rico are barred by her failure to notify the Municipality within ninety days of learning of her damages in accordance with 21 L.P.R.A. § 4703, we need not pass on the argument regarding the sufficiency of Turner's negligence claims.

## IV.  CONCLUSION

For the aforementioned reasons, defendant Municipality of San Juan's Motion for Summary Judgment (**d.e. 23**) is hereby GRANTED.  Accordingly, Turner's claims against the Municipality of San Juan are DISMISSED, with prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on August 1, 2016.

S/CARMEN CONSUELO CEREZO
United States District Judge